**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID SPIEKER, | ) | NO. 1:12-CV-1949 |
| Plaintiff, | ) ) | JUDGE NUGENT |
| v. | ) ) | MAGISTRATE JUDGE VECCHIARELLI |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b). Plaintiff is represented by counsel and has not been granted leave to proceed *in forma pauperis.*[1] As discussed below, Plaintiff has failed to comply with the Court's Order, has failed to perfect timely service on all of the necessary parties in this case, and has not shown good cause for his failure to perfect service. Accordingly, the Magistrate Judge recommends that this case be dismissed without prejudice.

**I. Background**

On July 26, 2012, Plaintiff filed his Complaint against Defendant. (Doc. No. 1.) Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to serve Defendant within 120 days after the filing of his Complaint – on or before November 23, 2012. The Court's review of the docket on November 26, 2012 revealed that Plaintiff had not yet filed proof that he had served his complaint and summons on any of the

---

[1] When a plaintiff is not granted leave to proceed *in forma pauperis*, the plaintiff is responsible for effecting service of the complaint and a summons upon the necessary parties. *See* Fed. R. Civ. P. 4(c)(1) *and* (c)(3).

necessary parties in this case. Accordingly, on that date, the Court ordered Plaintiff, by Monday, December 3, 2012 , to file proof of service or, if he had not yet served all necessary parties, to show good cause why service had not been perfected. (Doc. No. 5.) The Court cautioned Plaintiff that a failure to comply with the Court's Order could result in a recommendation that the case be dismissed for failure to perfect service.[2]

On December 4, 2012, Plaintiff filed three documents. The first is a copy of certified mail receipt reflecting that Plaintiff served the United States Attorney for the Northern District of Ohio on November 16, 2012. (Doc. No. 6.) The second is a copy of a certified mail receipt reflecting that Plaintiff served the Commissioner of Social Security on November 20, 2012. (Doc. No. 7.) The third is identical to the first; that is, it is a copy of the same certified mail receipt reflecting service on the United States Attorney on November 16, 2012. (Doc. No. 8.) On December 5, 2012, Plaintiff filed two proofs of service: one reflecting service on the Commissioner via certified mail, accompanied by the relevant certified mail receipt (Doc. No. 9), and one reflecting service on the United States Attorney, accompanied by the relevant certified mail receipt (Doc. No. 10). Plaintiff did not file any response to this Court's order. Nor did he file proof that he served the Attorney General on or before November 23, 2012.

---

[2] "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"; however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The court may also dismiss a case *sue sponte* if the plaintiff fails to prosecute, comply with the Federal Rules of Civil Procedure, or comply with a court order. Fed. R. Civ. P. 41(b); *Consolidation Coal Co. v. Gooding,* 703 F.2d 230, 232 (6th Cir. 1983) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-31 (1962)).

## II. Discussion

Plaintiff has sued the Commissioner of Social Security. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee. Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United State's attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i). Accordingly, Plaintiff must serve (1) the United States Attorney for the district in which the action is brought; (2) the Attorney General of the United States; and (3) the Commissioner of Social Security.

Plaintiff did not file proof that he served all the necessary parties on or before November 23, 2012. Rather, on December 4 and 5, 2012 – beyond the deadline imposed by this Court's order – Plaintiff filed documents establishing that he served two of the three necessary parties in this case. Further, to date, Plaintiff has failed to show cause why he did not comply with Rule 4(m) or this Court's order.

Plaintiff's counsel has an obligation to know the rules and requirements for

perfecting service of process in the cases for which she undertakes representation. Plaintiff's counsel has failed to meet this obligation by failing to serve a necessary parties in this case within the required time.

Further, Plaintiff has failed to comply with the Court's Order, has failed to serve all of the necessary parties in this case within the required time limit, and has not shown good cause for failing to serve all of the necessary parties within the required time in this case.  Accordingly, the Magistrate Judge recommends that this case be dismissed without prejudice for the failure to perfect timely service of process on all of the necessary parties in this case and for the failure to prosecute this case.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: December 6, 2012

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).